# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

```
CRUZ PAEZ,                           )
                                     )
                                     )
     Plaintiff/Judgment Creditor,    )
                                     )
v.                                   )   Case No. 12-1036-RDR
                                     )
JOSE REYES,                          )
                                     )
     Defendant/Judgment Debtor,      )
                                     )
and                                  )
                                     )
SENTRY INSURANCE/DAIRYLAND           )
INSURANCE CO.,                       )
                                     )
     Garnishee.                      )
```

## O R D E R

This case is before the court upon garnishee Dairyland Insurance Company's motion to enforce settlement agreement. There has been no timely response to this motion in spite of the court's direction to plaintiff/judgment creditor to file a response by November 6, 2013.

According to the motion, plaintiff filed a lawsuit against defendant in state court alleging that defendant was liable to plaintiff for damages arising from a motor vehicle accident. A default judgment was entered against defendant. Thereafter, Dairyland was named as a garnishee and plaintiff asserted a claim for the proceeds of an insurance policy issued by Dairyland. The state lawsuit was then removed to federal court

as the above-captioned case. Settlement negotiations were initiated and, according to Dairyland, a settlement agreement for $1,500.00 was reached by counsel in July 2012.

Matters were delayed when settlement documents forwarded to plaintiff's counsel were not executed. Nevertheless, counsel for plaintiff and Dairyland reported to the court in September 2012 that a settlement had been reached. Months passed, however, without the execution of a release. It appears that plaintiff's counsel may have lost contact with plaintiff.

The legal principles governing motions to enforce settlement agreements have been summarized as follows:

> An oral settlement agreement is enforceable as long as there has been a meeting of the minds on all essential terms and the parties intend to be bound by it. Dougan v. Rossville Drainage Dist., 270 Kan. 468, 487–88 (2000). "[T]here must be a fair understanding between the parties which normally accompanies mutual consent and the evidence must show with reasonable definiteness that the minds of the parties met upon the same matter and agreed upon the terms of the contract." Steele v. Harrison, 220 Kan. 422, 428 (1976). "The fact that the parties contemplate the subsequent execution of a formal instrument as evidence of their agreement does not necessarily imply they have not already bound themselves to a definite and enforceable contract." Phillips & Easton Supply Co., Inc. v. Eleanor Int'l, Inc., 212 Kan. 730, 735 (1973). Moreover, "the fact that the parties left some details for counsel to work out during later negotiations cannot be used to abrogate an otherwise valid agreement." Sump v. Pamida, Inc., No. 97-4085, 1998 WL 1054949, 2 (D.Kan. Nov. 25, 1998)(quoting Sheng v. Starkey Laboratories, Inc., 117 F.3d 1081, 1083 (8th Cir.1997)).

Brown v. City of Bel Aire, 2013 WL 394204 *3 (D.Kan. 2/1/2013).

> Under Kansas law, "in the absence of bad faith or fraud, when parties enter into an agreement settling and adjusting a dispute, neither party is permitted to repudiate it." Krantz v. Univ. of Kan., 271 Kan. 234, 241-42, 21 P.3d 561, 567 (2001); see also Woods v. Denver Dep't of Revenue, Treasury Div., 45 F.3d 377, 378 (10th Cir.1995) (party who knowingly and voluntarily enters settlement ordinarily cannot avoid settlement because he changes his mind); Lewis v. Gilbert, 14 Kan.App.2d 201, 203, 785 P.2d 1367, 1368 (1990) (party's change of mind no basis for not enforcing agreement).

Eagle v. Kansas Counselors, Inc., 2013 WL 100113 *1 (D.Kan. 1/8/2013).

The court has examined Dairyland's motion and the exhibits which accompany the motion. The court concludes that counsel for Dairyland and counsel for plaintiff had an oral agreement to settle this case. Plaintiff has not filed any timely opposition to the motion to enforce or otherwise attempted to deny the facts stated in the motion. The Tenth Circuit has held: "'Once it is shown that an attorney has entered into an agreement to settle a case, a party who denies that the attorney was authorized to enter into the settlement has the burden to prove that the authorization was not given.'" Words v. United Parcel Service, 1992 WL 230258 *2 (10th Cir. 1992)(quoting, Turner v. Burlington N. R.R., 771 F.2d 341, 345-46 (8th Cir. 1985)). Plaintiff has not denied giving authorization to settle his claim or provided proof that his attorney acted without authorization.

3

Given the record before the court and the law set forth above, the court shall enter an order enforcing the settlement of the parties as described in Exhibit 7 to the memorandum in support of the motion for enforce settlement.

Dairyland has also requested that the court order plaintiff to pay Dairyland's fees and costs of pursing enforcement of the settlement agreement. The court declines to make such an order. The authority cited by Dairyland stands for the proposition that a court may assess attorneys' fees and costs against a party that acts arbitrarily, willfully and without cause, or in bad faith, vexatiously, wantonly or for oppressive reasons. The court does not believe Dairyland has satisfied its burden of proving this level of misconduct.

In conclusion, the court shall grant Dairyland's motion to enforce settlement (Doc. No. 22) in part. The Clerk of the Court is directed to enter judgment dismissing this case with prejudice as the case has been settled by the parties pursuant to an oral agreement to the terms described in Exhibit 7 of Doc. No. 23. The court denies Dairyland's request for an order to pay its fees and costs in pursuing the enforcement of the settlement agreement.

**IT IS SO ORDERED.**

Dated this 13th day of November, 2013, at Topeka, Kansas.

                                        **s/ Richard D. Rogers**
                                        Richard D. Rogers
                                    United States District Judge